The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| REBECCA VOTAW, | ) | CASE NO. 10-63744 |
| | ) | *(Jointly Administered)* |
| Debtor. | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

     Ocwen Loan Servicing, LLC ("Ocwen") filed an amended motion for relief from stay and abandonment on May 19, 2011[1] under 11 U.S.C. § 362. The chapter 7 trustee, Josiah L. Mason, ("Trustee") opposes the relief. The court held a hearing on October 31, 2011. William Drown, attorney for Trustee, and LeeAnn Covey, attorney for Ocwen, participated in the hearing.

     The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

---

[1] The motion was filed in the case of debtor's husband, Robert Richard Votaw, prior to the order for joint administration. Ocwen also filed a motion for relief from stay in Debtor's case on September 3, 2010. On January 24, 2011, the court granted relief but not abandonment of Trustee's interest in the property in Debtor's case.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

On April 20, 2006, Debtor and Robert Richard Votaw obtained a loan from Taylor, Bean & Whitaker Mortgage Corp. ("Taylor Bean") in the amount of $232,000. The loan was purportedly secured by a mortgage on 1576 State Route 602, Galion, Ohio. Mortgage Electronic Registration Systems, Inc. ("MERS") was named nominee for Taylor Bean in the mortgage instrument. Ocwen now services the loan.

Prior to the bankruptcy filing, Ocwen had commenced a foreclosure action in Crawford County and obtained a judgment. The judgment included reformation of the mortgage which altered the property description of the real estate securing the loan. A foreclosure sale was set for September 10, 2010 but cancelled when the bankruptcy case was filed.

Ocwen alleges that they are entitled to relief under § 362(d) on various theories. First, Ocwen claims a lack of adequate protection from the absence of payments and the property's vacancy. Ocwen continues to insure the property and pay the real estate taxes. Second, the property is not necessary for reorganization. Third, the loan is in default. Unpaid payments totaled in excess of $11,000 through May 2011. Fourth, there is no equity in the collateral. The value of the property is $191,170 and Ocwen is owed approximately $280,000, without consideration of other liens and interests in the property.

Trustee objected to the amended motion on July 5, 2011, prior to the 341 meeting of creditors, claiming that there may be equity to benefit the unsecured creditors. After the 341 meeting, the trustee identified several potential issues with the mortgage and maintains Ocwen is not entitled to relief. As the result of those issues, Trustee filed a motion to vacate the foreclosure judgment in the state court action. That motion is pending and was stayed as the result of the bankruptcy filing. Trustee has now also filed an adversary complaint related to the mortgage.

## LAW AND ANALYSIS

Ocwen's primary argument in the amended motion is that its interest in the property is not adequately protected, creating cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1). Because the bankruptcy code provides no specific definition of cause, courts employ their discretion based on the facts of each individual case. Laguna Assoc. Ltd. P'ship v. Aetna Cas. & Surety Co. (In re Laguna Assoc. Ltd. P'ship), 30 F.3d 734 (6th Cir. 1994). The movant bears the initial burden of demonstrating the requisite cause for relief. *See, e.g.*, U.S. v. Shultz (In re Shultz), 347 B.R. 115 (B.A.P. 6th Cir. 2006) (citations omitted); In re Poissant, 405 B.R. 267 (Bankr. N.D. Ohio 2009). Ocwen must therefore demonstrate a basic foundation for its lack of adequate protection argument. Once movant meets its initial burden, the burden shifts to the non-movant on

2

all issues except proof of equity in the property. 11 U.S.C. § 362(g).

"Adequate protection is designed to protect a secured creditor . . . against any decrease in the value of its collateral which may result from depreciation, destruction, or the debtor's use of the collateral." Volvo Commercial Fin. LLC v. Gasel Transp. Lines, Inc. (In re Gasel Transp. Lines, Inc.), 326 B.R. 683, 691-92 (B.A.P. 6th Cir. 2005) (citations omitted). It may be demonstrated "through evidence of diminution of property values, a continual increase in the amount of the secured debt through interest accruals or otherwise, the failure to pay taxes, the failure to maintain insurance on the property, the failure to maintain the property, or other factors that may jeopardize the creditor's present position." In re Wensons Prop. Mgmt., 2010 WL 3239275, *5 (Bankr. M.D. Tenn. 2010) (citing J & M Salupo Dev. Co., Inc., 388 B.R. 809, 812 (Bankr. N.D. Ohio 2008) (citation omitted)).

The court finds that Ocwen met its initial burden, demonstrating cause for relief in the lack of adequate protection. The grounds cited included the payment default, lack of continued payments, and the vacancy of the property. Not only is Ocwen not receiving any compensation on its interest, but it is paying money to keep the taxes current and the property insured. Although what constitutes adequate protection is fluid, 11 U.S.C. § 361, these undisputed facts clearly demonstrate a lack of adequate protection. The burden now shifts to Trustee.

Trustee's arguments do not contest Ocwen's claim of inadequate protection. Instead, Trustee's arguments focus on challenging Ocwen's purported interest in the real estate. Trustee never directly addresses how this ties to the motion for relief from stay but the court interprets it to be an objection to Ocwen's right to pursue relief. To be entitled to relief from stay, Ocwen, as a party in interest, must have a qualifying interest in the subject property. See 11 U.S.C. § 362(a) and (d). Trustee suggests Ocwen does not.

First, there was a misidentification of the property in the original mortgage. The legal description in the original mortgage was for parcels that Debtor and her husband sold before the mortgage was granted. Although the foreclosure judgment permitted reformation of the mortgage to match the parties' alleged intent, Trustee has filed a motion in the state court foreclosure action to set aside the judgment.[2] To the extent he is unsuccessful in that attempt, his adversary complaint contains a count alleging that reformation of the mortgage constitutes a preferential transfer in favor of Ocwen and is avoidable. Second, Trustee claims alleged deficiencies in the assignment of the mortgage between holders. If true, Ocwen may not be a holder-in-due-course.

The grant or denial of a motion for relief from stay is not a determination of the validity of underlying lien or interest. See In re Escobar, 2011 WL 3667550, *5 (Bankr. E.D.N.Y. 2011) (reporter citation not yet available); Grella v. Salem Five Cent. Sav. Bank, 42 F.3d 26, 31 (1st Cir. 1994); In re Vitreous Steel Prods., 911 F.2d 1223, 1232 (7th

---

[2] Ocwen opposes this relief.

3

Cir. 1990).

> Congress intended that stay relief litigation be summary in fashion and expeditious in time. This is due in part to the stay being an injunction imposed by the mere filing of a bankruptcy case, and the recognition that granting stay relief returns the parties to the auspices of a court of competent jurisdiction to determine, on the merits, the relative rights, liabilities and responsibilities of the parties.

Escobar, 2011 WL 3667550, *5. Consequently,

> the evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.

Id. *8. Ocwen met this burden.

On June 28, 2010, prior to the filing of either Debtor or her husband's bankruptcy cases, Ocwen obtained a foreclosure judgment in state court which reformed the mortgage. That judgment was the result of a contested proceeding in which Debtor and her husband participated. The judgment contains a finding of fact that states "it was the intention of the parties at the time of execution . . . to transfer all interest that the Defendant had in and to the aforesaid described real property, but that, through a scrivener's error, the legal description was not entirely and properly placed in the mortgage deed and deed of conveyance." (Brief in Support of M. Relief from Stay, Ex. A, p. 3) Accepting Trustee's argument requires this court to ignore Ocwen's interest as determined by the state court, which the court is not willing to do. To the extent Trustee argues that Ocwen is not entitled to relief from stay because it does not hold an interest in the property, this position is rejected.

In addition, granting relief will allow some of the issues between Ocwen and Trustee to progress. Trustee filed an adversary to determine the validity, extent and priority of the mortgage and to recover a preference. The relief sought in the adversary is dependent on the outcome of Trustee's motion to set aside the foreclosure judgment in state court. For example, the preference count depends on whether the state court upholds reformation. If the state court dismantles the reformation, then there would be no preference. A contrary result would make the preference count all the more important. Relief from stay will allow the state court case to proceed. The state court is more familiar with the facts and parties and has knowledge of the case. Allowing it to review Trustee's motion and its judgment promotes judicial economy. This is one of the considerations a court can take in deciding whether to permit the foreclosure case to proceed in state court. As this court previously noted in a case involving non-foreclosure

4

civil litigation:

> When determining whether to allow a lawsuit to move forward in state court, bankruptcy courts have considered (1) whether prejudice to the bankruptcy estate would result; (2) whether the hardship to the plaintiff caused by the continuation of the stay outweighs the hardship to the debtor; and (3) whether the plaintiff is likely to prevail on the merits of the case. In re Bock Laundry Mach. Co., 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). Other courts have considered factors such as judicial economy, prejudice to third parties, and other equitable considerations. In re Wintroub, 283 B.R. 743, 745 (B.A.P. 8th Cir. 2002). Ultimately, the determination as to whether "cause" to lift the stay exists is within the discretion of the bankruptcy court. Id.

In re Northeastern Real Prop., Ltd., Case No. 09-62467 (Bankr. N.D. Ohio January 15, 2010).

The court finds cause to lift the stay. Since the property is vacant, the expedient course of action is to resolve the issues standing in the way of a sale. A delay benefits neither the estate nor Ocwen. Not only does a delay harm these two parties, but it also places the second mortgage holder, Seven Seventeen Credit Union, in a state of flux. Further, a decision as to whether the mortgage has been reformed is necessary to determine the course of action of Trustee's adversary proceeding.

The court will limit relief from the stay. Ocwen can resume the foreclosure case and have the motion to set aside the judgment determined. Abandonment of the estate's interest is not authorized or directed. In the interim, Trustee shall proceed with the adversary proceeding. The parties are free to reach an accord allowing for the sale of the property free and clear of liens.

An order in accordance with this opinion will be issued immediately.

#   #   #

**Service List**:

Rebecca Votaw
59 Almond Pass Dr
Ocala, FL 34472

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

William Todd Drown
112 N. Main St.
Mt. Vernon, OH 43050

LeAnn E. Covey
4500 Courthouse Blvd., Suite 400
Stow, OH 44224